UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C24-5062-MLP <br><br> ORDER |

## I.  INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by not adopting the previous ALJ's findings, failing to properly develop the record, misevaluating the medical evidence and Plaintiff's testimony, and basing his step five finding on a flawed residual functional capacity ("RFC") assessment. (Dkt. # 10.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.  BACKGROUND

Plaintiff was born in 1978, has a high school education, and has worked as a driver. AR at 35, 139. Plaintiff was not engaged in substantial gainful activity during the period between his alleged onset date of January 2017 through his date last insured in December 2017. *Id.* at 26.

ORDER - 1

In September 2020, Plaintiff applied for benefits, alleging disability as of January 2017. AR at 164-65. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 205-06. After the ALJ conducted a hearing in October 2021, *id.* at 43-78, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 102-24. The Appeals Council granted Plaintiff's request for review and remanded the matter for a new hearing. *Id.* at 184-90. On remand, after the ALJ conducted a hearing in January 2023, *id.* at 79-101, the ALJ again issued a decision finding Plaintiff not disabled. *Id.* at 20-42.

Using the five-step disability evaluation process,[1] the ALJ found, in pertinent part, Plaintiff had the severe impairments of bipolar disorder and post-traumatic stress disorder. AR at 26. He could perform a full range of work with the following nonexertional limitations: he could understand, remember, and apply detailed not complex instructions, perform predictable tasks not in a fast paced production environments and with limited exposure to workplace changes, and only occasional interaction with the general public and coworkers. *Id.* at 28. The ALJ concluded that Plaintiff could perform the jobs of laundry worker II, industrial cleaner, and store laborer, and was therefore not disabled during the relevant period. *Id.* at 35-37.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 5-11. Plaintiff appealed the final decision of the Commissioner to this Court.[2] (Dkt. # 1.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial

---

[1] 20 C.F.R. § 404.1520.

[2] The Parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

ORDER - 2

evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.   DISCUSSION

#### A.   The ALJ Did Not Err in Excluding 2017 Findings

In January 2017, the ALJ acknowledged Plaintiff's degenerative disc disease as a severe impairment, restricting him to light work involving simple tasks without customer service or collaboration. AR at 105-19. In September 2022, the Appeals Council remanded the ALJ's May 2022 decision, noting that the ALJ had rejected the 2017 findings without articulating specific new and material evidence to justify the change, such as an improvement in Plaintiff's condition or a change in RFC. *Id.* at 187.

Plaintiff contends that the ALJ's present decision repeats these errors. (Dkt. # 10 at 3-4.) However, the record tells a different story. The ALJ explicitly revisited the 2017 decision and concluded that changes in the criteria used to determine disability for musculoskeletal and mental impairments constituted "changed circumstances" affecting the disability determination. AR at 26-28, 36. Furthermore, the ALJ decided not to adopt the 2017 findings due to new and material evidence from the current application, which showed conservative treatment and unremarkable findings. *Id.* at 26-32; *see also Allsberry v. Kijakazi*, 2022 WL 493121, at *3–4 (E.D. Cal. Feb. 17, 2022) (new evidence warranted non-adoption of prior ALJ's findings). Plaintiff's conclusory assertion that the ALJ erred, without more, fails to demonstrate error. The Court will not "manufacture arguments where none is presented." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

**B.     The ALJ Did Not Err in Developing the Record**

Plaintiff argues that the ALJ erred in developing the record because it does not include outstanding medical records from the Department of Veterans Affairs ("VA"). (Dkt. # 10 at 4.) Plaintiff points out that he informed the Commissioner about the outstanding records at least five business days before the scheduled hearing and requested help in obtaining the missing records. (*Id.* (citing AR at 479-88).) This argument is unpersuasive.

The record shows that the ALJ made considerable attempts to obtain these records but was unable to because of Plaintiff's lack of cooperation. (Dkt. # 12 at 4 (citing *id.* at 82-84, 99 (January 2023 hearing, reporting effort to obtain missing VA records), 555 (March 2023 contact report, reporting more than 20 calls seeking authorization for the release and disclosure of outstanding records).) The ALJ's duty to develop the record does not negate Plaintiff's burden to produce evidence in support of his claim. *See Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir.

ORDER - 4

2001) (as amended). Simply averring that additional records were not included is insufficient to trigger the ALJ's duty to inquire. The "ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2010) (as amended May 19, 2011). (citation omitted); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). Here, the record is sufficiently developed and there is no error.[3]

### C.     The ALJ Did Not Err in Evaluating the Medical Evidence

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 404.1520c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

In August 2015, Alexander Patterson, Psy.D., evaluated Plaintiff and opined that he had moderate limitations in interacting with others and managing stress. AR at 786-90. The ALJ found Dr. Patterson's opinion unpersuasive because it was unsupported and inconsistent with the record. *Id.* at 33. Plaintiff contends that the ALJ erred by not considering Dr. Patterson's opinion, which he claims "is consistent with the overall" evidence. (Dkt. # 10 at 5.) The Commissioner

---

[3] In his reply, Plaintiff contends for the first time that the ALJ overlooked his submission of an authorization release for medical records on February 15, 2023. (Dkt. # 13 at 3.) This document, however, was absent from the administrative record and lacked its second page. (Dkt. # 14.) Moreover, although Plaintiff signed the first page of the release on January 7, 2023, he failed to mention this form during the January 17, 2023 hearing, despite the ALJ's discussion of the agency's efforts to develop the record. AR at 82-84. By contrast, it is undisputed that by March 2023, the agency had made over 20 calls attempting to obtain the release form. *Id.* at 558. Plaintiff's mere reference to an incomplete form, which was not part of the administrative record, does not demonstrate that the record was insufficient to render a decision.

ORDER - 5

responds that the ALJ's analysis was reasonable and supported by substantial evidence. (Dkt. # 12 at 5-8.) The Court agrees.[4]

The ALJ properly discounted Dr. Patterson's opinion because it addressed a period before Plaintiff's alleged disability onset date and was considered in a prior ALJ decision deeming Plaintiff not disabled. AR at 33; *see, e.g.*, *Ahearn v. Saul*, 988 F.3d 1111, 1118 (9th Cir. 2021) (ALJ may reject opinions that are remote in time, inconsistent with credited evidence, or from an unchallenged non-disability finding); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance."). Likewise, the ALJ reasonably found the opinion inconsistent with Plaintiff's lack of treatment history, unremarkable physical and mental status findings, stability and improvement with medication, and daily activities. *Id.* at 30-33 (citing *generally*, *id.* at 424-31 (August 2015 function report), 624-785 (Progress notes dated January 2013 to September 2020)). Inconsistent medical evidence, evidence of improvement with treatment, and evidence of minimal treatment are all valid reasons to reject allegations of disabling limitations. *See, e.g.*, *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017); *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020). Although the ALJ could have been clearer, any error the ALJ may have made is harmless because "the agency's path may reasonably be discerned." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (citation and internal quotation marks omitted). Plaintiff does not meaningfully challenge these findings. *See Molina*, 674 F.3d at 1111 (burden of showing harmful error is on the party attacking agency's determination).

---

[4] Plaintiff submitted a reply brief erroneously titled "Plaintiff's Opening Brief," which raised several arguments for the first time. (Dkt. # 13.) However, the Court does not consider arguments made for the first time in a reply brief. *See Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010).

1   Instead, Plaintiff spends several pages listing medical findings before asserting this
2   evidence "provides further support" for his testimony and Dr. Patterson's opinions. (Dkt. # 10 at
3   5-10.) The Ninth Circuit has recognized that a claimant waives "any argument based on [clinical]
4   findings" where he "simply lists numerous clinical findings, unaccompanied by argument." *Putz*
5   *v. Kijakazi*, 2022 WL 6943095, at *2 (9th Cir. Oct. 12, 2022). Bare assertions and lists of facts,
6   unaccompanied by analysis or caselaw, do not meet Plaintiff's burden to present contentions and
7   reasons with specificity. *See Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007); *see also*
8   *Indep. Towers of Wash.*, 350 F.3d at 929-30. Although Plaintiff contends a reasonable ALJ could
9   have found him disabled, the mere fact that "the ALJ *could* have come to a different conclusion"
10  does not mean the ALJ erred. (Dkt. # 10 at 10); *but see Shaibi v. Berryhill*, 870 F.3d 874, 879-80
11  (9th Cir. 2017) (emphasis in original).

12  In sum, the ALJ reasonably evaluated Dr. Patterson's opinion and provided substantial
13  evidence to support his decision. As Plaintiff has not shown the ALJ erred in this regard, the
14  Court affirms the ALJ's assessment. *See Thomas*, 278 F.3d at 954.

15  **D.    The ALJ Did Not Err in Evaluating Plaintiff's Testimony**

16  Absent evidence of malingering, an ALJ is required to provide clear and convincing
17  reasons to discount a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir.
18  2014). This requires the ALJ to specify which testimony is not credible and which evidence
19  contradicts it. *Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). However, the ALJ is
20  not required to believe every claim of disabling pain or to analyze Plaintiff's testimony line by
21  line. *See Ahearn*, 988 F.3d at 1116; *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). "The
22  standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear
23  enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

As an initial matter, Plaintiff contends the ALJ failed to properly evaluate the medical evidence and thus erred in evaluating his testimony. (Dkt. # 10 at 10.) This argument is unavailing because, as previously discussed, the ALJ did not err in evaluating the objective medical evidence. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

Next, Plaintiff argues that the ALJ failed to specify which evidence was inconsistent with which testimony. (Dkt. # 10 at 10-12.) The record paints a different picture. Contrary to the severe physical and mental limitations Plaintiff described, the ALJ noted there was very little evidence of treatment during the relevant period. AR at 30-32. An ALJ may discount allegations disproportionate with the level of treatment received. 20 C.F.R. § 404.1529(c)(3)(iv)–(v); *Smartt*, 53 F.4th at 500. The ALJ also highlighted that Plaintiff's only treatment notes from the relevant period showed benign mental and physical status results, stability and improvement with medication, and non-engagement with additional treatment options such as therapy. *Id.* at 30-32 (citing *id.* at 711-23). Plaintiff's vague reference to missing records fails to meaningfully challenge the ALJ's evaluation of the clinical evidence. *See Molina*, 674 F.3d at 1111.

Plaintiff also argues that the ALJ erred by citing an August 2015 function report to discount his testimony, noting that none of these activities contradict his testimony or reflect the ability to work. (Dkt. # 10 at 12.) Plaintiff reported the ability to perform various household chores, drive, use a computer, participate in hobbies, socialize with friends, attend a poker night, go on dates, and go shopping. AR at 32 (citing *id.* at 426-28). The ALJ reasonably found this inconsistent with the severe limitations Plaintiff described. *See Farlow v. Kijakazi*, 53 F.4th 485, 489 (9th Cir. 2022) (ALJ may use inconsistencies in the medical record and in statements about daily activities, to reject symptom testimony); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (affirming ALJ where evidence of daily activities was susceptible to more than

one rational interpretation). It is true that the ALJ relied on a function report pre-dating the relevant period, but the record does not contain an updated function report. (Dkt. # 12 at 10.) The issue, therefore, is more appropriately framed as whether the ALJ's decision remains supported by substantial evidence. *See*, *e.g.*, *Woods*, 32 F.4th at 788; *Luna v. Astrue*, 623 F.3d 1032, 1034 (9th Cir. 2010); *Williams v. Berryhill*, 2018 WL 6737511, at *3 (W.D. Wash. Apr. 19, 2018).

To this point, Plaintiff spends several pages summarizing his testimony before asserting that a reasonable ALJ could have reached a different determination. (Dkt. # 12 at 15-17.) This argument does not identify an error in the ALJ's decision. *See Carmickle*, 533 F.3d at 1161 n.2 (the court ordinarily will not consider matters that are not specifically and distinctly argued in an appellant's opening brief); *see also Molina*, 674 F.3d at 1111; *Shaibi*, 870 F.3d at 879-80. Plaintiff's broad summary also fails to articulate any evidence which contradicts the ALJ's decision. He testified that his medication was effective, he went out to restaurants, socialized with friends once a month, could drive for limited periods, carried a handgun, and spent most of his time pacing around. *See generally* AR at 57-95, 524-50. He also explained that his social relationships were limited because of political differences, he did not attend therapy because it felt odd, he did not do yoga because classes were in Olympia, and he had not experienced back issues for more than a year. *Id.* These examples are consistent with the ALJ's decision.

Accordingly, the record indicates that the ALJ provided specific, rational, and cogent reasons for discounting Plaintiff's testimony. Plaintiff's conclusory disagreement with the ALJ's determination fails to show harmful error or engage with any of the ALJ's reasons. Even assuming the evidence is susceptible to more than one reasonable interpretation—the ALJ's and Plaintiff's—the Court is required to uphold the ALJ's decision. *See Thomas*, 278 F.3d at 954.

### E. The ALJ Did Not Err in Evaluating Plaintiff's RFC

Plaintiff contends that the ALJ's RFC assessment is insufficient because it does not include all of the limitations described by Dr. Patterson or himself. (Dkt. # 10 at 18-19.) This argument fails to establish error because the ALJ properly evaluated this evidence, as previously discussed. *See Stubbs-Danielson*, 539 F.3d at 1175-76.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 6th day of August, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 10